# In the United States District Court for the Southern District of Georgia Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 2:16-012-3 |
| | ) | |
| CLEVELAND NOBLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Cleveland Noble's motion for early termination of supervised release, dkt. no. 1151, to which the Government has filed a response in opposition, dkt. no. 1152. For the reasons below, Defendant's motion is **DENIED**.

## BACKGROUND

Pursuant to a written plea agreement, Defendant pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). Dkt. Nos. 288, 605. In January 2017, the Court sentenced Defendant to 84 months' imprisonment. Dkt. No. 605. The Court further ordered that Defendant serve five years of supervised release and imposed special conditions of supervision, as well as a $100 special assessment. Id.

Defendant was placed on home confinement by the Bureau of Prisons in May 2020. He then began working at a hotel in December 2020. Defendant was released from Bureau of Prisons' custody on or about February 17, 2021. Defendant has served not quite thirty-one months of his sixty-month term of supervision and now moves the Court for early termination of same. Dkt. No. 1151.

In his motion, Defendant urges the Court to consider the positive changes he has made since his incarceration. Id. Indeed, Defendant has remained in compliance with all conditions of supervised release except maintaining stable employment since he was laid off in March 2022.

However, Defendant's role in the underlying gang-related drug-trafficking offense was significant. He was attributed with 260 ounces of cocaine hydrochloride during the instant offense. His criminal history is also concerning, as it includes multiple prior felony convictions for possession of cocaine with intent to distribute, sale of cocaine, and possession of cocaine.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the

2

expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

While the Court commends Defendant for making positive strides while under supervision, the Court must carefully weigh a favorable adjustment to Defendant's supervision against his offense of conviction. After consideration of his offense and his criminal history, the Court **DENIES** Defendant's motion. Dkt. No. 1151.

**SO ORDERED** this 13 day of September, 2023.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA